IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MISAEL DEL ROSARIO MORIN,                 :
                                          :
                                          :
                                          :
             Petitioner,                  :    3:26-cv-1324
                                          :    (JUDGE MARIANI)
      v.                                  :
                                          :
WARDEN, PIKE COUNTY                       :
CORRECTIONAL FACILITY, *et al.*,          :
                                          :
             Respondents.                 :

## MEMORANDUM OPINION

### I.    BACKGROUND

On May 15, 2026, Petitioner Misael Del Rosario Morin ("Petitioner"), a citizen of the

Dominican Republic residing in the United States since 2008, filed a counseled petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Petitioner names as

Respondents Warden, Pike Country Correctional Facility, Todd Lyons, Acting Director of

ICE, Markwayne Mullin, Secretary of DHS, and Todd Blanche, Acting Attorney General.

(*Id.*, ¶¶ 2-5).

Petitioner alleges he entered the United States through Mexico on or about March

29, 2008.  (*Id.*, ¶ 10).  Upon encountering immigration authorities, "Petitioner expressed fear

of returning to the Dominican Republic and was processed by immigration officials."  (*Id.*).

"Petitioner underwent a credible fear screening, was released from immigration custody

approximately three months later, and placed in removal proceedings, where he pursued asylum related relief." (*Id.*, ¶ 11). On or about August 28, 2008, Petitioner was ordered removed *in absentia.* (*Id.*, ¶ 12).

In 2017, "Petitioner successfully moved to reopen those proceedings, and the Immigration Court rescinded the *in absentia* removal order and reopened his case." (*Id.*, ¶ 13). Prior to the reopening of his case, Petitioner married his United States citizen spouse in 2010, with whom he remains married to this day. (*Id.*, ¶ 14). Petitioner and his wife also have United States citizens children together. (*Id.*). "Through his bona fide marriage, Petitioner and his spouse pursued family-based immigration relief, including an I-130 Petition for Alien Relative, which was ultimately approved on or about June 7, 2018." (*Id.*, ¶ 15). During the pendency of the reopened proceedings, Petitioner pursued multiple forms of immigration relief, including an I-601A provisional unlawful presence waiver and cancellation of removal under INA § 240A(b). (*Id.*, ¶ 16). On or about May 2022, "the Immigration Court administratively closed Petitioner's removal proceedings while he pursued immigration relief based upon his approved I-130 petition." (*Id.*, ¶ 17).

On July 14, 2025, following his arrest for Driving Under the Influence ("DUI") Petitioner was taken into ICE custody and has remained detained since. (*Id.*, ¶ 18). "Those charges have since been dismissed, and Petitioner is informed and believes the matter was

reduced to or replaced by a disorderly conduct charge."[1] (*Id.*).  Following his immigration detention, "DHS moved to re-calendar his prior administratively closed removal case, and Petitioner thereafter proceeded on his application" for cancellation of removal.  (*Id.*, ¶ 19). On April 16, 2026, an Immigration Judge ("IJ") denied Petitioner's application for cancellation of removal following a merits hearing.  (*Id.*, ¶ 20).  Petitioner represents that he intends to appeal the IJ's decision to the Board of Immigration Appeals ("BIA") on or before May 16, 2026.  (*Id.*, ¶ 21).

Petitioner claims he is being unlawfully detained by Respondents without a bond hearing under the mandatory detention provision of the Immigration and Nationality Act ("INA") 8 U.S.C. § 1225(b)(2)(A), instead of the discretionary detention provision of the INA, 8 U.S.C. § 1226(a).  (Doc. 1, ¶¶ 31-49).  This distinction matters because noncitizens detained pursuant to 8 U.S.C. § 1225(b)(2)(A) are not entitled to a bond hearing, whereas noncitizens detained pursuant to 8 U.S.C. § 1226(a) are entitled to a bond hearing before an IJ. *Patel v. O'Neil*, 2025 WL 3516865, at *2 (M.D. Pa. Dec. 8, 2025) (citations omitted). Petitioner further claims that his detention without bond violates the Fifth Amendment's Due Process Clause.  (Doc. 1, ¶¶ 50-70).

As directed by the Court, the Respondents filed a response to the petition on May 20, 2026.  (Doc. 4).  According to Respondents, Petitioner's detention is authorized by the

---

[1]    In his traverse, Petitioner notes that the DUI charge "was resolved through a negotiated disposition resulting in a plea to Disorderly Conduct on February 17, 2026."  (Doc. 5 at 2) (citing Doc. 5-2).

post-removal detention statute, 8 U.S.C. § 1231, because his removal order is now administratively final and thus his detention is mandatory during the statutory 90-day removal period. (*Id.* at 4-7). That is so, as alleged by Respondents, because Petitioner did not file a timely appeal to the BIA. (*Id.* at 6) ("Petitioner was instructed that any appeal to the Board of Immigration Appeals would be due on or before May 16, 2026. No appeal has been received as of the date of this filing."). Respondents do not address Petitioner's detention under the pre-removal detention statutes, 8 U.S.C. §§ 1225, 1226. (*Id.* at 1-10).

In his traverse, Petitioner disputes Respondents assertion that he did not file a timely appeal. (Doc. 5 at 1-2). Specifically, he claims:

> Respondents' position rests upon an incomplete procedural record. Although the appeal was not yet reflected within the Board's system at the time of the Government's filing, the Notice to Appeal was subsequently received by the Board of May 22, 2026, as reflected by the Board's time-stamped receipt contained within *Exhibit A*, and has been submitted for the Board's review. The filing required paper submissions because the matter was treated as a paper Record of Proceedings ("ROP"), which precluded ordinary electronic filing through EOIR's Electronic Case Access System ("ECAS"). Under these circumstances, Petitioner respectfully submits that Respondents' reliance upon detention pursuant to 8 U.S.C. § 1231 fails to account for Petitioner's pursuit of administrative review of the Immigration Judge's decision before the BIA.[2]

---

[2]     "Petitioner notes that counsel has observed an increasing number of matters in which access to electronic filing through EOIR's Electronic Case Access System ("ECAS") is unavailable because cases are designated as paper Record of Proceedings ("ROP") matters, notwithstanding counsel's expectation that filing would proceed through the ordinary electronic process. In such circumstances, counsel is unable to directly access or electronically file into the case through ECAS and must instead proceed through paper submission, often without advance notice of the case's filing designation." (Doc. 5 at 2 n.1).

(Doc. 5 at 2). A review of the documents submitted by Petitioner in his traverse reveal that he did in fact timely appeal the IJ's order to the BIA, with the BIA receiving the paper submission appeal on May 22, 2026. (Doc. 5-1).

## II.    STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III.    ANALYSIS

Although not raised by either party, the Court has jurisdiction to consider the petition.[3] The threshold question before the Court is whether Petitioner's detention is governed by the post-removal detention framework in 8 U.S.C. § 1231 or the pre-removal detention statutes set forth in 8 U.S.C. §§ 1225, 1226.

8 U.S.C. § 1231(a) "governs the detention, release, and removal of individuals ordered removed." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). "Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day removal period." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). "The removal period begins on the latest of three dates:  (1) the date the order of removal becomes administratively final, (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement." *Guzman Chavez*, 594 U.S. at 528 (citing 8 U.S.C. § 1231(a)(1)(B)). "The statute provides that the Government 'shall' detain noncitizens during the statutory removal period." *Arteaga-Martinez*, 596 U.S. at 578; *see also Guzman Chavez*, 594 U.S. at 528 ("During the removal period, detention is mandatory.")

---

[3]    The Court incorporates by reference its prior analyses set forth in similar habeas petitions filed by civil immigration detainees. *See Patel*, 2025 WL 3516865, at *1-7; *see also Diallo v. Warden*, 2026 WL 1081502 (M.D. Pa. Apr. 21, 2026). Furthermore, Petitioner is not required to exhaust his administrative remedies. *Id.*

Here, there is no evidence before the Court that Petitioner's removal order is administratively final.   8 U.S.C § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(a).[4]  As of the date of this writing, Petitioner's timely appeal remains pending before the BIA and has not been dismissed.  Because Petitioner's order of removal is not administratively final, the Court rejects Respondents assertions that Petitioner's detention is governed by the post-removal detention framework set forth in 8 U.S.C. § 1231.

Having determined that Petitioner detention is not governed by Section 1231, the Court will address Petitioner's contention that his detention without bond under 8 U.S.C. § 1225 is unlawful.  Although raised in detail in the Petition, Respondents do not address the pre-removal detention statutes in their response.  (Doc. 4).  Nevertheless, and as discussed

---

[4]      8 C.F.R. § 1241.1 is entitled "Final order of removal."  It provides:

An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal;
> (e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order; or
> (f) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1(a)-(f).

7

more fully below, Respondents' interpretation of the INA—the one advanced by Respondents in numerous similar habeas proceedings before the Court—has already been rejected by this Court and the overwhelming majority of federal judges to address this issue. *See Patel*, 2025 WL 3516865, at *4 n.7 (M.D. Pa. Dec. 8, 2025 (collecting cases). The United States Court of Appeals for the Second Circuit has rejected the same interpretation advanced by the Respondents. *See Cunha v. Freden*, __ F.4th __, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) ("That text makes clear that Section 1226(a) governs detention of noncitizens like Petitioner. Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter."). The United States Court of Appeals for the Eleventh and Sixth Circuit have also rejected the Respondents' interpretation of the statutory provision at issue here. *See Hernandez Alvarez v. Warden Fed. Det. Ctr. Miami*, __ F.4th __, 2026 WL 1243395, at *1 (11 Cir. May 6, 2026) ("We are unpersuaded by the Government's re-interpretation of § 1225(b)(2)(A)."); *see also Lopez-Campos v. Raycraft*, __F.4th__, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026) (similar).

Turning to the merits of the petition, the Court will first consider the two statutory provisions at issue here. 8 U.S.C. § 1225(b) is a statute entitled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing." It provides, in relevant part:

8

**(b) Inspection of applicants for admissions**
**(2) Inspection of other aliens**
**(A) In General**
Subject to subparagraph (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a [removal proceedings] of this title.

8 U.S.C. § 1225(b)(2)(A).  8 U.S.C. § 1226, in contrast, is entitled "Apprehension and

detention of aliens."  It provides, in relevant part:

**(a) Arrest, detention, and release**
On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
(1) may continue to detain the arrested alien; and
(2) may release the alien on—
(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
(B) conditional parole; but
(3) may not provide the alien with work authorization (including an 'employment authorized' endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

8 U.S.C. § 1226(a).

Although they now claim otherwise, it is clear to the Court that Respondents are

detaining Petitioner without bond pursuant to 8 U.S.C. § 1225(b)(2)(A) because his appeal

to the BIA remains pending and there is no final order of removal.  As the Court previously

found, "the overwhelming majority of federal district courts that have addressed this issue

have interpreted the INA to find that persons similarly situated to Petitioner—noncitizens

who previously entered the United States and are currently residing in the United States—are not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) but instead are subject to the discretionary detention pursuant to 8 U.S.C. § 1226(a) and accordingly are entitled to a bond hearing." *Patel*, 2025 WL 3519895, at *4 (collecting cases). "These courts have further found that the statutory provisions of the INA that Respondents' claim divest this Court of jurisdiction do not apply to persons similarly situated to Petitioner and that there is no need to exhaust administrative remedies prior to filing a habeas petition." *Id.*

As before, "the Court finds that the near universal rejection of Respondents' interpretation of the INA by federal district courts to be highly persuasive and will adopt the same approach." *Id.* at *5. Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A) is unlawful because the plain language of this provision and the statutory framework of the INA compels a finding that § 1225(b)(2)(A) applies only to noncitizens who are affirmatively seeking admission to the United States, not noncitizens like Petitioner who have resided in the United States for years.[5] *See Bethancourt Soto v. Soto*, 807 F. Supp. 3d. 397, 408 (D.N.J. 2025) ("For all these reasons, the Court concludes that § 1225(b)(2)(A) applies only

---

[5]    The Supreme Court has also acknowledged that 8 U.S.C. § 1226 "generally governs the process of arresting and detaining ... ***aliens already in the country pending the outcome of removal proceedings***." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018) (emphasis added); *Id.* at 303 ("As noted, § 1226 applies to aliens already present in the United States."). In addition, despite the Board of Immigration Appeals holding in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like Petitioner, "[t]his Court owes no deference to an agency's interpretation that conflicts with the statute's unambiguous text." *Bethancourt Soto*, 807 F. Supp. 3d at 408 (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400-01 (2024)).

to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States. Accordingly, it does not apply to individuals like Petitioner, who has been residing in the United States 'for over seven years.'"); *see also Patel*, 2025 WL 3516865 at *5 (same).

Like other Courts to address this issue, the Court finds that Respondents' interpretation of the phrase "seeking admission" violates the rule against surplusage, would negate the plain meaning of the text, and make redundant Section 1226(c) mandatory detention of noncitizens who have committed or are charged with certain specified crimes.[6] *See Centeno Ibbara*, 2025 WL 3294726, at *5-6 ("The government's interpretation of § 1225(b)(2) violates the rule against surplusage. If 'an applicant seeking admission' is the same as 'an applicant for admission,' then 'seeking admission' is surplusage. Congress has also recently adopted provisions in § 1226 that would be made superfluous under the government's interpretation. If a noncitizen enters the country illegally and is subsequently convicted or charged with certain crimes, these new provisions require that noncitizens be detained without a bond hearing. Under the government's interpretation, § 1225 would require such mandatory detention regardless of criminal charges or conviction. If this was the case, Congress would have no need to create additional requirements for mandatory detention.").

---

[6]    "If possible, every word and every provision is to be given effect (*verba cum effectu sunt accipienda*). None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 174 (Thomson/West eds., 1st Ed. 2012).

Here, although Petitioner is an "applicant for admission," he is not "seeking admission" into the United States.  Because Petitioner is not "seeking admission" into the United States, Section 1225(b)(2)(A) does not apply to him.[7]  *See Cunha*, __F.4th__, 2026 WL 1146044, at *6 ("Here, although Petitioner is an applicant for admission under the statutory definition because he is present in the country and has never been admitted, it simply cannot be said that he is 'seeking admission,' as he is not requesting lawful entry into the United States.").  Accordingly, the Court will grant the petition and order Petitioner's release from custody.  Petitioner's request for fees and costs under the Equal Access to Justice Act will be held in abeyance pending the receipt of a fee petition.  *Michelin v. Warden Moshannon Valey Corr. Cent.*, 169 F.4th 418, 429-32 (3d Cir. 2026) (allowing fees under EAJA in immigration habeas proceedings under 28 U.S.C. § 2241).

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be granted because his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing is unlawful.  Because the Respondents maintain that a bond hearing is not required and the Respondents' interpretation is inconsistent with the INA, Respondents will be directed to

---

[7]    The Court acknowledges that Respondent cite to the Fifth Circuit's recent decision in *Buenrosto-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), in which the Fifth Circuit—in a 2-1 decision—held that noncitizens like Petitioner were "applicants for admission" to the United States who were "seeking admission" and were thus subject to the INA's mandatory detention provision.  The Fifth Circuit's ruling is not binding on this Court.  Similarly, the Court is aware of the Eighth Circuit's decision in *Avila v. Bondi*, holding that noncitizens are subject to mandatory detention as an "applicant for admission" who was "seeking admission." *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  The Eighth Circuit's holding is not binding on this Court.

immediately release Petitioner from the custody of the Warden of Pike County Correctional

Facility and file a declaration pursuant to 28 U.S.C. § 1746 confirming that Petitioner has

been released from custody.  *See Boumediene v. Bush*, 553 U.S. 723, 779 (2008)

(acknowledging that a habeas court has "the power to order the conditional release of an

individual unlawfully detained—though release need not be the exclusive remedy and is not

the appropriate one in every case in which the writ is granted."); *see also Bethancourt Soto*,

807 F. Supp. 3d at 410 (ordering immediate release); *Flores Obando*, 2025 WL 3452047, at

*3 (same); *Kashranov*, 2025 WL 3188399, at *8 (same); *Patel*, 2025 WL 3516865, at *6

(same).

Respondents will further be permanently enjoined from detaining Petitioner under 8

U.S.C. § 1225, absent a compelling change in circumstances.  *See Bethancourt Soto*, 807

F. Supp. 3d at 410 (permanently enjoining respondents from detaining petitioner under §

1225 where petitioner did not file a motion for temporary restraining order or motion for

preliminary injunction); *see also Maldonado*, 2025 WL 2985256, at *7 ("The Court grants the

writ of habeas corpus and orders Respondents to release Petitioner within 24 hours. . . .

Following Petitioner's release, Respondents are permanently enjoined from rearresting or

otherwise detaining Petitioner under § 1225(b)(2)."); *Patel*, 2025 WL 3516865, at *7.

Respondents are further enjoined from detaining Petitioner pursuant to 8 U.S.C. §

1231 while his appeal to the BIA remains pending.  If Respondents elects to later detain

Petitioner under 8 U.S.C. § 1226(a), the Respondents must provide Petitioner with notice

and an opportunity to be heard at a timely individualized bond hearing, where an IJ will

assess whether he is a danger or flight risk.  A separate Order follows.

_____
Robert D. Mariani
United States District Judge